UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEO PERRERO,

    Plaintiff,

v.                                        Case No:   6:16-cv-112-Orl-31TBS

HCL AMERICA, INC. and WALT DISNEY
PARKS AND RESORTS U.S., INC.,

    Defendants.

## ORDER

Plaintiff filed her Plaintiff's Motion to Enlarge Time to Respond to HCL and Walt Disney Parks and Resort's Motions to Dismiss (Doc. 37) on July 4, 2016. According to the motion:

> Pursuant to Local Rule 3.01(g), on June 28, 2016, Plaintiff's counsel conferred with counsel for Defendants (in this pending case and in the pending sister case, Dena Moore v. Cognizant, et al); however, no response from HCL or WDPR has been provided as of the date of this filing. On June 28, 2016, Cognizant asserted it did not consent to the request for additional time to respond to Cognizant's Motion to Dismiss in Dena Moore v. Cognizant, et al., Case No. 6:16-cv-00113-GAP-TBS.

(Id., at 3). Defendant Walt Disney Parks and Resorts U.S., Inc., subsequently filed a paper stating that it takes no position on Plaintiff's request for additional time (Doc. 38). But, the Court still does not know Defendant HCL America, Inc.'s position.

Local Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been

unable to agree on the resolution of the motion. The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely "attempt" to confer have not "conferred." A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. See Local Rule 3.01(g). Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice Henry Latimer Center for Professionalism). A party who, due to time constraints, must file a motion before complying with Rule 3.01(g), is under a duty to contact opposing counsel expeditiously after filing the motion and supplement the motion promptly with a completed Rule 3.01(g) certificate. The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

   The Court does not know if HCL America, Inc. has failed to respond to Plaintiff's inquiry, or if Plaintiff received a response and failed to update his Rule 3.01(g) certificate. Either way, the current situation is unacceptable. By the close of business on July 14, 2016, counsel for Plaintiff shall inform the Court of HCL America, Inc.'s position on Plaintiff's motion, or inform the Court that HCL America, Inc. has not responded to her inquiries.

   **DONE** and **ORDERED** in Orlando, Florida on July 11, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record